IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| In The Matter Of The Search Of Facebook Accounts: Facebook Account: "Kayla Moore" user id "100067430689419" at premises controlled by Meta Platforms, Inc. | Case No: 22-SW-348 |

## ATTACHMENT C

## AFFIDAVIT OF JOHN CHEVALIER

I, John Chevalier, Task Force Officer (TFO) of the Federal Bureau of Investigation (FBI), Memphis Division, being duly sworn, state that the following information is true and correct to the best of my knowledge, information and belief:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant for information associated with a certain account that is stored at premises controlled by Meta Platforms, Inc., a social networking provider headquartered at 1601 Willow Road, Menlo Park, California, 94025. The information to be searched is described in the following paragraphs and in **Attachment A**. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Meta Platforms, Inc. to disclose to the government copies of the information (including the content of communications) further described in **Section I of Attachment B**. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in **Section II of Attachment B**.

2. I am a Memphis Police Officer and have been so employed since August 10, 1998. I have also been sworn as a Special Federal Officer and a Special Deputy United States

1



Marshal. I am currently assigned full-time to the FBI's Memphis Child Exploitation Task Force. Throughout my law enforcement career I have arrested countless individuals for violations of law, both misdemeanor and felonious in nature. I have also participated in multiple search warrants leading to the seizure of items having evidentiary value; these seizures have aided in the successful arrest and prosecution of individuals involved in criminal activity. Since joining the Task Force I have received training on the investigation and prosecution of child exploitation cases and I have experience in Sex Crimes investigations. I have gained experience through training in seminars, classes and everyday work related to conducting these types of investigations.

## STATUTES

3. As an FBI TFO, your Affiant is authorized to investigate federal crimes, including cyberstalking pursuant to Title 18, United States Code, Section 2261A(2). The elements of this offense are that the defendant (1) with the intent to kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate another person, (2) used the mail, any interactive computer service or electronic communication, or any other facility of interstate or foreign commerce to engage in a course of conduct that (2) placed that person in reasonable fear of death of or serious bodily injury to that person, an immediate family member, or a spouse or intimate partner, or that person's animal, or (b) caused, attempted to cause, or would be reasonably expected to cause substantial emotional distress to that person, an immediate family member, or a spouse or intimate partner.

4. Facebook is a social networking website and application where users can post comments, share photographs and videos, chat live with other users, and post links to other Internet sites. Facebook allows users to create customized personal profiles and maintain a

friends list, upload photos and videos, keep online albums, live stream video, and join online groups. Facebook services can be accessed from devices with Internet connectivity to include computers, tablets, and smartphones. Facebook is owned and operated by Meta Platforms, Inc. whose offices are based in Menlo Park, California.

5. The following information was obtained through observations and conversations of your Affiant personally, through the assistance of other law enforcement agents and agencies, including their reports, and through other sources specifically named in this affidavit. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence of violation of Title 18 U.S.C. Section 2261A(2) will be located in and consist of the items listed in **Attachments A and B,** which are incorporated by reference as if fully set forth herein.

6. This Affidavit is in support of an application for a search warrant upon the Facebook account "Kayla Moore" user id "100067430689419". Based upon the information contained in this Affidavit, I have reason to believe that on said premises there is now located certain property which is evidence of the above referenced criminal violation(s).

## PROBABLE CAUSE

7. Thomas Murray was convicted of receipt and possession of child pornography on July 22, 2022, in case number 2:20-cr-20047-JTF. He was sentenced on November 17, 2022, and is on bond awaiting designation to the Bureau of Prisons.

8. On November 25, 2022, Kayla Yon (YON) of Illinois filed a complaint with the Munford Police Department, Munford, Tipton County, Tennessee. YON reported that she posted a picture of her 9 and 16 year old sons on a Facebook group chat. Thomas Murray (MURRAY)

3

was part of the Facebook group, and had been having conversations in that group prior to November 25, 2022. MURRAY downloaded the picture and notified YON, via Facebook Messenger, that he had done so. YON knows of MURRAY's conviction for child pornography offenses, and asked him to delete the picture. MURRAY refused and told YON if she called the police he would send the picture to other sex offenders and destroy his phone to get rid of the evidence. On November 28, 2022, your Affiant received Munford Police Department report 2211085 filed by YON.

9. On November 28, 2022, your Affiant spoke with YON telephonically. In addition to the complaint she filed with the Munford Police Department, YON provided the following additional information. MURRAY told YON that he was going to send the picture to sex offenders and "some guy named Louis." Your Affiant is aware that MURRAY developed a friendship with a sex offender named Lewis Faulkner, who has since been convicted of production, possession, and distribution of child pornography, while both were in pre-trial detention. YON told your Affiant that when MURRAY threatened to send the picture to sex offenders, she was worried that a pedophile would come to her home to take her children.

10. When confronted about sending the picture to sex offenders and Louis, MURRAY told YON that he was only doing it to "annoy" her and "piss her off." Once MURRAY learned that YON had contacted the police, MURRAY told her to "please, please call the cops off" and that he would kill himself if police became involved. The communications between YON and MURRAY were via Facebook Messenger and text. After hearing that MURRAY wanted to kill himself, YON deleted her Facebook messages with MURRAY. YON also wanted to drop her statements because she didn't want MURRAY to kill himself.

11. YON provided your Affiant with images of her Facebook account and MURRAY's Facebook account. YON verified that her Facebook account was identified with the username "Kayla Moore," and the Facebook site for "Kayla Moore" showed a user ID of "100067430689419" and pictures of YON. The account that was corresponding with YON, with the screen name "Thomas Murray" showed a username of "novemberboy," a username law enforcement had previously associated with Murray's Tumblr account, and includes a picture of Thomas Murray. On November 29, 2022, Murray admitted that he sent the Facebook messages at issue.

12. YON provided your Affiant with screenshots of Facebook messages from November 25 and November 28, in which Murray continued to contact her, and in which he called her misogynistic epithets. Screenshots of some of the messages are below.



<a>
</a>










13. There is probable cause to believe that these messages and others preserved by Facebook, that were sent over the course of several days, constitute a course of conduct engaged in by Murray with the intent to harass YON, and which placed YON in fear of bodily injury to her children and caused or would be reasonably expected to cause, substantial emotional distress to YON. Indeed, YON told your Affiant about her substantial fear that pedophiles would take her children if Murray followed through with his threat, and that Murray would carry out his suicide threat if she pursued the threat/harassment claim with the police.

14. On November 28, 2022, your Affiant submitted account preservation requests to Facebook for accounts "Thomas Murray" user name "novemberboy" and "Kayla Moore" user id "100067430689419." The requests have been recorded as 7386667 and 7386670 respectfully.

15. This application seeks a warrant to search all responsive records and information under the control of Meta Platforms, Inc., a provider subject to the jurisdiction of this court, regardless of where Facebook has chosen to store such information. The government intends to require the disclosure pursuant to the requested warrant of the contents of wire or electronic communications and any records or other information pertaining to the customers or subscribers if such communication, record, or other information is within Meta Platforms, Inc.'s possession, custody, or control, regardless of whether such communication, record, or other information is stored, held, or maintained outside the United States. [5]

---

[1] Screenshot of messages on November 25, 2022
[2] Screenshot of messages on November 25, 2022
[3] Screenshot of messages on November 25, 2022
[4] Screenshot of messages on November 28, 2022

[5] It is possible that Meta Platforms, Inc. stores some portion of the information sought outside of the United States. In Microsoft Corp. v. United States, 2016 WL 3770056 (2nd Cir. 2016), the Second Circuit held that the government cannot enforce a warrant under the Stored Communications Act to require a provider to disclose records in its custody and control that are stored outside the United States. As the Second Circuit decision is not binding on this court, I respectfully request that this warrant apply to all



## JURISDICTION

16. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## CONCLUSION

17. The evidence believed to be located within or preserved from the Facebook account "Kayla Moore" user id "100067430689419," further described in **Attachment A** which is incorporated by reference as if set forth fully herein, is listed in **Attachment B** of this Affidavit which is incorporated by reference as if fully set forth herein, and is believed to consist of evidence of cyberstalking. The material is currently in the possession of Meta Platforms, Inc., 1601 Willow Road, Menlo Park, California, 94025. Your Affiant requests authority to search for and seize such material.

18. This application seeks a warrant to search all responsive records and information under the control of Meta Platforms, Inc., a provider subject to the jurisdiction of this court, regardless of where Meta Platforms, Inc. has chosen to store such information. The government intends to require the disclosure pursuant to the requested warrant of the contents of wire or electronic communications and any records or other information pertaining to the customers or subscribers if such communication, record, or other information is within Meta Platforms, Inc.'s

---

responsive information- including data stored outside the United States-pertaining to the identified account that is in the possession, custody, or control of Meta Platforms, Inc. The government also seeks the disclosure of the physical location or locations where the information is stored. A district court in the Third Circuit has granted the government's motion to compel production in a similar case, In re Search Warrant No. 16-960-M-01 to Google, 2017 WLl 471564 (E.D.Pa. Feb. 3, 2017). The United States Supreme Court will consider the Microsoft case during its next term (Case No. 17-43).

possession, custody, or control, regardless of whether such communication, record, or other information is stored, held, or maintained outside the United States.

19. Your Affiant is aware that many providers of digital services, such as social networking accounts, have staff members who work shifts other than traditional business hours. Such staff members may at times be responsible for compiling materials responsive to search warrants. Therefore, your Affiant requests that this warrant be executable at any time of the day or night, as that may be more convenient for the responding party.

20. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

In consideration of the foregoing, your Affiant respectfully requests that this Court issue a search warrant for the search of the Facebook Inc., account "Kayla Moore" user id "100067430689419," more specifically described in **Attachment A** which is incorporated by reference as if fully set forth herein, authorizing the seizure and search of the items described in **Attachment B** herein.

**AND FURTHER, AFFIANT SAITH NOT.**

_____
JOHN CHEVALIER - AFFIANT
Task Force Officer, Federal Bureau of Investigation

Sworn to and subscribed before me by telephone on this 1st day of December, 2022.

_____
**HON. TU M. PHAM**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

10